**TAGO LETI of Nu'uuli and
SIAOSI FAIIVAE of Leone, Objectors**

**v.**

**TUATAGALOA E. HUNKIN of Vailoatai, Applicant**

## No. 24-1960

## High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Faiivae" of Leone]

## July 11, 1960

Heard at Fagatogo on July 11, 1960 before MORROW, *Chief Judge*, MALEPEAI, *Associate Judge*, and TUIA-SOSOPO, *Temporary Associate Judge*.

Lelafu, Counsel for Tago Leti.

Tali and Leota Siaki, Counsel for Siaosi Faiivae.

Lauvao, Counsel for Tuatagaloa E. Hunkin.

OPINION OF THE COURT

MORROW, *Chief Judge*.

Tuatagaloa E. Hunkin, hereinafter referred to as Tuatagaloa, filed his application to be registered as the holder of the matai title Faiivae attached to the Village of Leone. Tago Leti and Siaosi Faiivae each filed an objection to the proposed registration; each of them becoming a candidate for the name. Hence this litigation. See Section 932 of the A. S. Code.

At the outset of the hearing, counsel for Siaosi asked the Court to dismiss Lauvao as counsel for Tuatagaloa, claiming that Lauvao had first agreed to act as counsel for Siaosi and later breached his agreement with Siaosi and became counsel for Tuatagaloa. After consideration of the evidence on this preliminary matter, the three judges concluded that while Siaosi had sought Lauvao as counsel and tried to force a retainer of $25.00 on him, nevertheless Lauvao had never accepted the retainer and had not agreed to serve as counsel for Siaosi. We believe from the evidence that Siaosi put $25.00 on Lauvao's desk and asked him to become his counsel, that Lauvao refused and that Siaosi walked off and refused to take the $25.00 back, leaving it on Lauvao's desk. Lauvao put it in an envelope, put the envelope away, and later returned the money to Siaosi. It takes two parties to make a contract; two willing

428

parties to create the relationship of attorney and client. There was only one willing party here. That was Siaosi. The attorney must be willing, too. Lauvao, as we view the evidence, was not willing. As we see it, Lauvao never entered into an agreement to act as counsel for Siaosi. The Court refused to dismiss Lauvao as counsel for Tuatagaloa, and we think the ruling was right.

█ There is an item of circumstantial evidence in this matter which also convinces us that Lauvao did not agree to become counsel for Siaosi. Lauvao is an aiga of Tuatagaloa's wife. Because of the very strong family ties between aiga, Lauvao would not act as counsel in a case against his aiga's husband. The two Samoan judges as well as the American judge on the Court (he has been in American Samoa many years and is thoroughly familiar with Samoan customs and the Samoan way of life) do not believe, in view of Samoan customs, that Lauvao would ever take a case against his aiga's husband.

In order to hold a matai title, a candidate must meet certain requirements prescribed by the Code. Section 926 of the A. S. Code as amended reads as follows:

"Section 926. ELIGIBILITY REQUIREMENTS FOR MATAI TITLE: No person not having all the following qualifications shall be eligible to succeed to any matai title:

(a) Must be at least one-half Samoan blood;

(b) Must have resided continuously within the limits of American Samoa for five years, either immediately preceding the vacancy in the title, or before he becomes eligible for the title, provided that if the candidate has actually lived 18 years within the limits of American Samoa, absence during such five year period, or a part or parts thereof, from American Samoa for the purpose of (1) service in the Coast Guard or the Armed Forces of the United States (2) securing additional education or learning a profession or trade (3) medical treatment, or (4) for any other cause for a period or periods not exceeding a total of one year, shall not render the candidate ineligible, and provided further that if the candidate be outside American Samoa when he files his application to be registered as the

holder of a matai title, or files his objection to such an application, he must return to American Samoa within six months after such filing if absent for any of the reasons set out in (1), (2), or (3) above, otherwise within three months, or his application, or objection, as the case may be, shall be disregarded;

(c) Must live with Samoans as a Samoan;

(d) Must be a descendant of a Samoan family and chosen by his family for the title;

(e) Must have either

(1) been born on American soil, provided that a person born of parents who were inhabitants of American Samoa but temporarily residing outside of American Samoa or engaged in foreign travel at the date of birth of such child, may, for the purpose of this subsection, be considered as having been born on American soil if, while actually residing in American Samoa he, at any time within one year after he attains the age of eighteen years, files with the Registrar of Titles a renunciation under oath of allegiance to the country of his birth, or

(2) have been born on foreign soil and have resided in American Samoa for a continuous period of not less than 10 years prior to the time of filing his application to be registered as the holder of a matai title, or filing his objection to such an application, as the case may be."

Siaosi went to Honolulu in 1948 and looked for a job which he did not find. He also had some medical treatment on his leg there. He then returned to American Samoa for 15 days, returning to Honolulu in January 1949. He again looked for a job and succeeded in getting one as a rigger in February 1949. He worked as a rigger in Honolulu from February 1949 until November 1957. He returned to American Samoa from Honolulu in December 1957 and has resided here continuously ever since.

 Section 926(b) as amended (above quoted) provides that, subject to certain exceptions, the candidate to be eligible to hold a matai title "must have resided continuously within the limits of American Samoa for five years, either *immediately preceding* (emphasis added) the vacancy in the title, or before he becomes eligible for the title.

. . ." The vacancy in the Faiivae title occurred in either November or December 1958 when Faiivae Vili died.

The five-year period *immediately preceding* the date of the hearing (which was on July 11, 1960) started on July 11, 1955. The five-year period *immediately preceding* the vacancy in the title started in either November or December 1953.

As we have stated, Siaosi worked as a rigger in Honolulu from February 1949 to November 1957 and did not return to American Samoa until December 1957. Working as a rigger was *not* (1) "service in the Coast Guard or the Armed Forces of the United States," nor was it (2) "securing additional education or learning a profession or trade," nor was it (3) "medical treatment." However, under the statute, absence (4) "for any other cause for a period or periods not exceeding a total of one year" does not render the candidate ineligible.

Having returned to American Samoa in December 1957, Siaosi at the time of the hearing on July 11, 1960 had resided continuously in American Samoa, at the most, only 19 months and 10 days. Adding to this the permitted absence for one year for any cause during the five-year period, we have 31 months and 10 days.

Thirty-one months and 10 days do not constitute five years, or 60 months. Siaosi at the time of the hearing was obviously not eligible to hold a matai title, since he did not meet the eligibility requirements prescribed by Section 926 (b) of the Code as amended. Accordingly, the Court dismissed him as a party in the case. The ruling was obviously correct.

Candidate Tago Leti during the course of the hearing withdrew as a candidate and ceased to be a party.

The withdrawal of Tago Leti left Tuatagaloa as the only candidate. Tuatagaloa was chosen by the Faiivae Family to be its matai shortly after Faiivae Vili died and prior to

431

the time he filed his application with the Registrar of Titles to be registered as the holder of the Faiivae title.

The undisputed evidence showed that Tuatagaloa meets all of the eligibility requirements to hold a matai title as prescribed by the above Section 926 of the A. S. Code as amended. However, before he can be registered as the holder of the Faiivae title, it will be necessary for him to resign from the matai title Tuatagaloa. A person may not hold two matai titles at the same time.

### DECREE

Accordingly, it is ORDERED, ADJUDGED and DECREED that Tuatagaloa E. Hunkin shall be registered as the holder of the matai title Faiivae, attached to the Village of Leone, subject to the condition that he file with the Registrar of Titles within two weeks from the date of this decree his resignation from the matai title Tuatagaloa, attached to the Village of Vailoatai. The Registrar of Titles will be advised of this decree.

The costs would ordinarily be assessed to Siaosi and Tago. However, Tuatagaloa expressed a willingness in open court to pay the same. Accordingly, costs in the sum of $25.00 are hereby assessed against Tuatagaloa, the same to be paid within 30 days.